Edward M. O’Gorman, J.
This is an application brought by the petitioners seeking to have this court declare invalid a nominating petition filed on behalf of the respondent Jack Economou, which designates him as a Democratic candidate for the office of Mayor of the City of Poughkeepsie, New York. The grounds of the application are based on the fact that the candidate Economou was not an enrolled Democrat at the time the petition was circulated, and that his residence address listed on the designating petition did not indicate a post office address as well as the address “ 27 Flannery Avenue, Poughkeepsie, New York”.
The petitioners have moved by order to show cause which is described therein as being part of an article 78 proceeding, and respondents seek its dismissal on that ground. In view of the fact that no substantial prejudice will result to respondent by treating the order to show cause as having been served pursuant to section 330 of the Election Law, it will be so treated, and the court will proceed to determine the other issues raised by the order and respondents’ denial.
Petitioners contend that the mailing address of the candidate was a different address, and therefore was required to be listed on the petition. Upon the argument of this question, it was conceded that there was no further proof to be offered by the petitioners other than a statement of the postmaster which listed an office address for the respondent as the place to which mail should be forwarded. However, it was not denied that the residence listed on the designating petition was acquired subsequent to the instructions given to the postmaster.
With respect to this objection to the petition, since it was conceded that 27 Flannery Avenue was also a mailing address of the respondent, I find that the failure to list the earlier post office designation does not require the invalidation of the entire petition.
The challenge to the party enrollment of respondent is concededly based on a registration and enrollment on March 16, 1971 at one address in the City of Poughkeepsie, and a subsequent finding by the Board of Elections that this registration was invalid and canceling both the registration and the enrollment which accompanied it “ ab initio ”. Subsequently, acting on advice received from the Board of Elections, the respondent registered once again at the same address, and enrolled at the *345 same time in the Democratic Party on July 13,1971. Petitioners rely on section 386 of the Election Law.
The first registration was properly invalidated on the ground that the respondent had erroneously listed as an address a home which he owned but which did not qualify as his residence, but subsequent events made the premises available to him once again as a residence in time for his registration from that address on July 13, 1971.
In my opinion, the respondent had a right to assume that his earlier effort to enroll as a Democrat on March 16, 1971 had been rendered void, and that he was enrolling as a Democrat for the first time from the new address on July 13,1971; that in the meantime, his previous valid enrollment continued.
Under these circumstances, I find that the proceeding brought by petitioners Louie 0. Fiore and Ann B. Bupsis should be dismissed.